<div style="text-align:right">ALBANY,<br>October, 1823.<br><br>FRANKLIN<br>v.<br>THURBER.</div>

<div style="text-align:right">Rule accordingly.</div>

---

## FRANKLIN *against* THURBER, bail of THORP.

THE original judgment against *Thorp* was obtained before the 8*th November,* 1821. *Thorp* was discharged, under the " *act to abolish imprisonment for debt in certain cases,*" on the 6*th* of *February,* 1822. The plaintiff then, with a view to try the validity of the discharge, proceeded against the defendant, *Thorp,* by a *sci. fa.* upon the judgment, which was personally served on him, and a judgment was taken by default, upon which a *fi. fa.* issued, and was returned *nulla bona, &c.* and a *ca. sa.* was issued and returned *non est inventus.* A *capias ad respondendum* against *Thurber,* the bail, was then issued, returnable the 16*th* day of *August* last, being the last return day of that term.

*A. Townsend,* now (the 4*th* day of this term) moved, that an *exonereteur* be entered on the bail piece, and cited 4 *John. Rep.* 407, 2 *id.* 101, 1 *Caines' Rep.* 9, and 2 *John. Cas.* 403.

<div style="font-size:smaller">Where a defendant has obtained his discharge under the insolvent act, after a judgment against him, which is revived by *sci. fa.* personally served, his bail will not be relieved on motion.<br>The defendant himself would not be relieved on motion; so that the reason of the rule, dispensing with actual surrender, in such a case, which is to avoid the idle circuity</div>

of surrendering a defendant, who must be immediately liberated, does not apply.

If a defendant omit to plead his dicharge to a *sci. fa.* whereby judgment by default goes against him, he is concluded ; yet, in such case, if the bail apply within eight days after the return of the writ against them, the court will, upon a proper case being made out, give time to surrender, as they would do in other cases ; and in the mean time stay the proceedings, and will further order, that on surrendering the defendant, and paying the costs of the action, proceedings against them be perpetually stayed.

ALBANY,          *Leland,* contra, cited 14 *East,* 537, 2  *Sell. Pr.* 55,  198,
October, 1823.   1 *Wils.* 98, 9 *John.* 392, and 11 *id.* 194.

ROSEKRANS
v
HUGHSON.          *Curia.*   The motion for an *exonereteur* must be denied.
The rule, that where a defendant is discharged under the
insolvent act we will discharge the bail on motion, is groun-
ded on the idea, that an actual surrender would be an idle
ceremony, because the principal must be immediately lib-
erated.   But the reason of that rule does not apply here,
where a *sci. fa.* has been issued against the defendant, upon
the judgment—been personally served, and a default taken
for not pleading the discharge.   There is no circuity to be
avoided, for were the defendant applying to the Court in
person, we could not discharge him from execution upon
this judgment on the *scire facias.*   But, under the peculiar
circumstances of this case, however, let the bail have *thirty*
days, within which to surrender the principal ; the proceed-
ings on the part of the plaintiff to be stayed in the mean
time, and on making the surrender and payment of the costs
which have accrued against the bail, let the proceedings
against them be perpetually stayed.

Rule. accordingly.